1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRADFORD BOSLEY and PATRICIA BOSLEY, on behalf of all others similarly situated, | Case No.: 24-cv-0229-WQH-KSC |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| CALIFORNIA PHYSICIANS' SERVICES, doing business as BLUE SHIELD OF CALIFORNIA and MEDICAL EYE SERVICES, INC. doing business as MESVision, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Remand to San Diego County Superior Court filed by Plaintiffs Bradford Bosley and Patricia Bosley. (ECF No. 4.)

I. **BACKGROUND**

On December 19, 2023, Plaintiffs initiated this action by filing a Class Action Complaint in the Superior Court of California, San Diego, assigned Case No. 37-2023-00054940-CU-CO-CTL. (ECF No. 1-2.) Plaintiffs allege that Defendant Medical Eye Services, Inc. ("MESVision"), which provides vision services to many members of

California Physicians' Services d/b/a Blue Shield of California ("Blue Shield"), was involved in a data breach that included Plaintiffs' and the class members' personal and health information. Plaintiffs bring the following claims against Defendants: (1) negligence; (2) breach of implied contract; (3) invasion of privacy; (4) violation of the California Unfair Competition Law; (5) violation of California Confidentiality of Medical Information Act; (6) declaratory relief; (7) unjust enrichment/quasi-contractual relief; (8) violation of the California Consumer Privacy Act; (9) violation of the California Consumer Records Act; (10) breach of confidence; and (11) breach of implied covenant of good faith and fair dealing.

On February 2, 2024, MESVision[1] removed the action to this Court on the basis that this action "satisfies the requirements stated in the Class Action Fairness Act of 2005." (ECF No. 1 at 2.) Specifically, the Notice of Removal asserts that this action involves more than 100 putative class members, the amount in controversy exceeds $5,000,000 based on the Complaint's allegations, and "minimal diversity exists between Plaintiffs and Defendant." *Id.* at 4–5.

On February 9, 2024, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order for the present case to a multidistrict litigation pending in the District of Massachusetts ("MDL"). *See In re: MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, ECF No. 739; *In re MOVEIT Customer Data Security Breach Litigation*, Case No. 1:23-md-03083-ADB, ECF No. 759. Plaintiffs filed an opposition to the Conditional Transfer Order. *In re: MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, ECF No. 766. The JPML issued a briefing schedule on a Motion to Vacate with Brief in Support, with the briefing period to conclude on April 2, 2024. *Id.*, ECF No. 770.

---

[1] In the Notice of Removal, Defendant MESVision states that "Defendant California Physicians' Services d/b/a Blue Shield of California consents to this removal." (ECF No. 1 at 4.)

On February 16, 2024, Plaintiffs filed the Motion to Remand, which requests that the Court remand this action to state court on the basis that it lacks subject matter jurisdiction. (ECF No. 4.)

On March 11, 2024, Defendant MEDVision filed a Response in opposition to the Motion to Remand, opposing the Motion and requesting the Court stay this action and defer ruling on the Motion to Remand. (ECF No. 11.) Defendant MEDVision contends that this matter has been conditionally transferred to MDL No. 3083 and that there are several other matters that have been transferred or will be transferred to the MDL that may raise remand issues similar to the one in this case. Defendant MEDVision contends that many cases similar to this one before the Court were or will soon be transferred to the MDL. Defendant MEDVision contends that deferring a ruling on the Motion to Remand would advance judicial economy and MDL consistency, as well as avoid duplicative litigation. Defendant MEDVision contends that any inconvenience to Plaintiffs is minimal and outweighed by a greater interest in promoting judicial economy and consistency.

On March 18, 2024, Plaintiffs filed a Reply in support of the Motion to Remand, and also opposed Defendant MEDVision's request to stay. (ECF No. 12.) Plaintiffs contend that the pending JPML determination of whether this action should be transferred to the MDL will be fully briefed on April 2, 2024, but a stay is not warranted in this case because federal jurisdiction is lacking. Plaintiffs contend that judicial economy would be furthered by quickly putting the case in the court that has jurisdiction.

On March 27, 2024, Defendant MESVision filed a Notice of Supplemental Authority in support of Opposition to Remand, citing to a Northern District of California order staying a similar case pending resolution of transferability to the MDL. (ECF No. 13.)

## II.   MOTION TO STAY

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Where an

MDL is being considered or a transfer pending, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). "When determining whether to stay proceedings pending a JPML transfer, courts evaluate factors such as (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Collins v. Aurbindo Pharma USA, Inc.*, No. 3:19-cv-00688-MMA-KSC, 2019 WL 3183672, at *5 (S.D. Cal. July 16, 2019) (quotations and citation omitted); *see also Lyon v. DePuy Orthopaedics, Inc.*, No. 19-cv-05270, 2019 WL 4933586, at *2 (N.D. Cal. Oct. 7, 2019) ("Courts in this district also recognize that, when faced with a motion to remand, deference to the MDL court for resolution of that motion often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." (quotations and citation omitted)); *Morrison v. Teva Branded Pharm. Prods. R&D, Inc.*, No. 22-cv-1074-GPC-MSB (S.D. Cal. Oct. 18, 2022) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case…. The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred to the MDL panel." (citations omitted)).

   Here, Plaintiffs have made no showing that they would be prejudiced by a stay of the case pending the JPML's decision on whether the case should be transferred. The Court finds that the prejudice to Plaintiffs would be minimal, especially considering that the briefing on the transfer issue concluded on April 2, 2024, and the JMPL is likely to issue a timely decision. Defendants, on the other hand, could be exposed to the risk of needlessly re-litigating issues before the MDL court, unnecessary proceedings, and facing inconsistent rulings on the same issues of fact and law pending in numerous cases. The Court also finds that judicial resources would be saved if a stay is implemented in this case as duplicative litigation and risk of inconsistent results could be avoided. In fact, there is at least one other

1  case, which is in the briefing stages of determining whether it should be transferred to the
2  MDL, that raises the same jurisdictional issues in a motion to remand that are raised in this
3  case. *See Lew v. Med. Eye Servs., Inc.*, Case No. 4:24-cv-00532-JST, ECF No. 7 (N.D. Cal.
4  Feb. 1, 2024) (stating in the motion to remand that the issues to be decided include whether
5  MESVision has met its burden of showing there is minimal diversity of citizenship under
6  the CAFA and if the home state exceptions apply); *cf. Lingle v. DePuy Orthopaedics, Inc.*,
7  No. 11cv1486 L (MDD), 2011 WL 5600539, at *2 (S.D. Cal. Nov. 17, 2011) ("Because
8  the same jurisdictional issues present may arise in other cases transferred to the MDL
9  proceeding and are likely to be addressed uniformly by the MDL Panel, issuance of a stay
10 satisfies the Court's interest in avoiding duplicative litigation.").

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that the motion to stay pending the JPML's final decision as to transferability of this action is granted. Plaintiffs shall file a status report within seven (7) days of the JPML's determination on the request to consolidate this action with the MDL proceedings. The Motion to Remand remains pending.

Dated:  April 8, 2024

　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　Hon. William Q. Hayes
　　　　　　　　　　　　　　　　　　United States District Court